IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD DRICKS, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | C.A. NO. 3:22-CV-00145 |
| § | | JURY DEMAND |
| § | | |
| CITY OF TEXAS CITY, § | | |
| *Defendant.* § | | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, the City of Texas City ("the City") appears to respond to Plaintiff's Original Complaint ("the Complaint"), as follows:

### LIMITED GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b), the City denies all allegations in the Complaint, except the designated allegations expressly admitted below.

### ANSWERS TO PLAINTIFF'S ALLEGATIONS

The following responses correspond numerically to the paragraphs contained in Plaintiff's Original Complaint:

### I.  INTRODUCTION

**1.** The City admits that Plaintiff has demanded a jury trial on "all issues triable to a jury," but deny that he has presented any legitimate claims and further deny he has established any issues "triable to a jury."

**2.** The City acknowledges that Plaintiff brings claims against the City under Title VII of Civil Rights Act of 1964, 42 USCS §2000e *et seq.* (Title VII); 42 USC §1983, and 42

USC §2201. The City denies, however, that Plaintiff has presented any legitimate claims and deny any and all liability.

3. The City admits that this Court has jurisdiction over these claims.

4. The City admits that venue is proper but denies Plaintiff's remaining allegations included in Paragraph 4 of the Complaint.

## II.   PARTIES

5. The City admits that Plaintiff is an employee of Texas City, Texas but is without information to admit or deny the remaining allegations included in Paragraph 5 of the Complaint.

6. The City admits the allegations contained in Paragraph 6 of the Complaint.

7-8. The City denies the allegations contained in Paragraphs 7 and 8 of the Complaint.

## IV.  ADMINSTRATIVE PROCEDURES

9. The City admits the allegations included in Paragraph 9 of the Complaint.

10. The City is without information to admit or deny the allegations included in Paragraph 10 of the Complaint.

## V.   SPOLIATION

11. To the extent that Paragraph 11 of the Complaint contains any allegations against the City, those allegations are denied.

## VI.  FACTUAL ALLEGATIONS

12. The City reasserts its previous responses to all allegations incorporated by reference into this Paragraph of the Complaint.

**13.** The City admits that Plaintiff was hired as a Police Officer on or about March 21, 2016 but denies the remaining allegations contained in Paragraph 13 of the Complaint.

**14.** The City admits that some personal artwork, announcements, and requests for assistance regarding secular and nonsecular activities were displayed at the Police Station. The City has no information to admit or deny that a poster depicting St. Michael was displayed in the Department but would note that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring these issues to the attention of the City. The City denies the remaining allegations included in Paragraph 14 of the Complaint.

**15.** The City admits that the Police Department allowed employees to conduct door decorating around the Christmas holidays for the time period in question but would note that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City. The City admits that one decoration contained pictures of Department employees including Plaintiff. The City denies the remaining allegations included in Paragraph 15 of the Complaint.

**16.** The City admits that it recognizes the Easter holiday but denies the remaining allegations included in Paragraph 16 of the Complaint.

**17.** The City admits that Plaintiff was promoted and assigned to report to Sergeant T. Jose Saldivar on or about January 1, 2017. The City is without information to admit or deny that Sgt. Saldivar mispronounced Plaintiff's name but would note that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff

bring this issue to the attention of the City. The City denies the remaining allegations included in Paragraph 17 of the Complaint.

18. The City denies the allegations included in Paragraph 18 of the Complaint.

19. The City is without information to admit or deny that Plaintiff's name was misspelled in in a social media post on December 26, 2017 but would note that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City. The City denies the allegations included in Paragraph 19 of the Complaint.

20. The City denies that Plaintiff was refused the opportunity for evidence collecting training based on his religion.

21. The City denies that Plaintiff was forced to participate in and promote the Christian faith as an employee of the City of Texas City.

22. The City admits that Plaintiff was not promoted in 2018 but deny the remaining allegations included in Paragraph 22 of the Complaint.

23. The City is without information to admit or deny that a photoshopped picture of Plaintiff was circulated in the Department or his personal feelings about a photo, but notes that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City. The City denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. The City admits that Plaintiff complained in August of 2021 regarding magnets that he felt were being placed in the shape of cross in break room. Upon this notice to the

City, the magnets were removed. The City denies the remaining allegations included in Paragraph 24 of the Complaint.

25. The City is without information to admit or deny that in December of 2019, "a fecal matter themed Christmas decoration" was placed on Plaintiff's assigned door, but notes that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City. The City denies the allegations included in Paragraph 25 of the Complaint.

26. The City is without information to admit or deny that in 2019, Plaintiff did not receive a permanent name tag for his door, but notes that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City. The City denies the remaining allegations included in Paragraph 26 of the Complaint.

27. The City is without information to admit or deny that in March of 2020, Plaintiff was sent a derogatory picture of himself in the training room, but notes that at no time prior to the filing of this lawsuit or his August 9, 2021 internal complaint, did Plaintiff bring this issue to the attention of the City.

28-29. The City denies the allegations included in Paragraphs 28 and 29 of the Complaint.

30. The City is without information to admit or deny the allegation included in Paragraph 30 of the Complaint.

31. The City is without information to admit or deny the allegation included in Paragraph 31 of the Complaint.

32. The City denies the allegations included in Paragraph 32 of the Complaint.

33. The City admits that on March 29, 2021 Plaintiff's use of force during an arrest was called into question. The City is without information to admit or deny Sgt. House's opinion of the arrest prior to the investigation of the matter.

34. The City admits that Lt. Creel and Sgt. House approved a report regarding the March 29, 2021 excessive force incident but deny the remaining allegations included in Paragraph 34 of the Complaint.

35. The City denies the allegations included in Paragraph 35 of the Complaint.

36. The City is without information to admit or deny Captain Rex Spottedbear's opinion of the arrest prior to the investigation of the matter. The City admits that the supplemental report issued by Shelby Webb regarding the March 29, 2021 excessive force incident was approved by Sgt. Alcocer but denies the remaining allegations included in Paragraph 36 of the Complaint.

37. The City admits that Sgt. David Heckard approved Plaintiff's report for filing but denies the remaining allegations included in Paragraph 37 of the Complaint.

38. The City is without information to admit or deny Lt. Saldivar's conversation with Plaintiff but denies that the complaint regarding the March 29, 2021 excessive force incident was not properly signed or was invalid.

39. The City admits that the ADA did not request a criminal investigation into the March 29, 2021 excessive force incident. The City denies the remaining allegations included in Paragraph 39 of the Complaint.

**40-41**. The City admits the allegations included in Paragraphs 40 and 41 of the Complaint.

**42.** The City denies the allegations included in Paragraph 42 of the Complaint.

**43.** The City admits the allegations included in Paragraph 43 of the Complaint.

**44-46.** The City denies the allegations included in Paragraphs 44, 45, and 46 of the Complaint.

**47.** The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 19, 2021. The City admits that Plaintiff had other complaints about the investigation into his use of force. The City denies the remaining allegations included in Paragraph 47 of the Complaint.

**48.** The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 9, 2021. The City admits that Plaintiff had other complaints about the investigation into his use of force. The City denies the remaining allegations included in Paragraph 48 of the Complaint.

**49.** The City denies that Plaintiff notified the City of a claim of discrimination by May 9, 2021, or at any time prior to August 9, 2021. The City admits that it found no merit to Plaintiff's complaint about the investigation into his use of excessive force. The City denies the remaining allegations included in Paragraph 49 of the Complaint.

**50.** The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 9, 2021. The City admits that Plaintiff had other complaints about the investigation into his use of force that he forwarded to Police Chief

Joe Stanton. The City denies the remaining allegations included in Paragraph 50 of the Complaint.

51.     The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 9, 2021. The City admits that Plaintiff had other complaints about the investigation and that those claims were determined to be unfounded. The City denies the remaining allegations included in Paragraph 51 of the Complaint.

52.     The City admits that Plaintiff attended a predetermination hearing with his attorney, Police Chief Joe Stanton, Jess Colwell, and City Attorney Kyle Dickson on May 14, 2011. The City denies the remaining allegation included in Paragraph 52 of the Complaint.

53.     The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 19, 2021. The City denies the remaining allegations included in Paragraph 53 of the Complaint.

54.     The City denies that Plaintiff notified the City of a claim of discrimination on May 7, 2021, or at any time prior to August 9, 2021. The City denies the remaining allegations included in Paragraph 54 of the Complaint.

55.     The City admits the allegations included in Paragraph 55 of the Complaint.

56.     The City admits that Plaintiff notified the City of a claim of discrimination on August 9, 2021. The City denies the remaining allegations included in Paragraph 56 of the Complaint.

**57.** The City is without information to admit or deny the allegations included in Paragraph 57 of the Complaint.

**58.** The City admits that Plaintiff was indefinitely suspended on September 3, 2021. He was returned to his position with full backpay and benefits on June 13, 2022. The City is without information to admit or deny the remaining allegations included in Paragraph 58 of the Complaint.

**59.** The City denies the allegations included in Paragraph 59 of the Complaint.

**60.** The City admits the allegations included in Paragraph 60 of the Complaint.

**61.** The City denies the allegations included in Paragraph 61 of the Complaint.

**62.** The City is without information to admit or deny the allegations included in Paragraph 62 of the Complaint.

**63.** The City admits that it is an employer under Texas and Federal law. The City is without information to admit or deny the remaining allegations included in Paragraph 63 of the Complaint.

**64.** The City is without information to admit or deny the allegations included in Paragraph 64 of the Complaint.

**65-70.** The City denies the allegations included in Paragraphs 65, 66, 67, 68, 69, and 70 of the Complaint.

**71.** The City incorporate its responses to Paragraphs 1-70 as if restated here.

**72.** The City denies the allegations contained in Paragraphs 72 of the Complaint.

**73.** The City is without information to admit or deny the allegations included in Paragraph 73 of the Complaint.

**74-78.** The City denies the allegations contained in Paragraphs 74, 75, 76, 77, and 78 of the Complaint.

**79.** The City incorporate its responses to Paragraphs 1-78 as if restated here.

**80-81.** The City denies the allegations contained in Paragraphs 80 and 81 of the Complaint.

**82.** The City incorporate its responses to Paragraphs 1-81 as if restated here.

**83.** The City denies the allegations contained in Paragraph 83 of the Complaint.

**84.** The City is without information to admit or deny the allegations included in Paragraph 84 of the Complaint.

**85-88.** The City denies the allegations contained in Paragraphs 85, 86, 87, and 88 of the Complaint.

**89.** The City incorporate its responses to Paragraphs 1-88 as if restated here.

**90-91.** The City denies the allegations contained in Paragraphs 90 and 91 of the Complaint.

**92.** The City incorporate its responses to Paragraphs 1-91 as if restated here.

**93-96.** The City denies the allegations contained in Paragraphs 93, 94, 95, and 96 of the Complaint.

**97.** The City incorporate its responses to Paragraphs 1-96 as if restated here.

**98-102.** The City denies the allegations contained in Paragraphs 98, 99, 100, 101, and 102 of the Complaint.

**103.** The City incorporate its responses to Paragraphs 1-102 as if restated here.

**104-108.** The City denies the allegations contained in Paragraphs 104, 105, 106, 107 and 108 of the Complaint.

**109-111**. The City admits that Plaintiff seeks the relief described in Paragraphs 109, 110, and 111 of the Complaint, but deny that Plaintiff has presented any legitimate claims and deny any and all liability.

**112.** The City acknowledges that Plaintiff demands a trial by jury, but denies that Plaintiff has presented any legitimate claims, further deny he is entitled to any relief whatsoever, and deny he has established any issues "triable to a jury."

**113.** Out of an abundance of caution, the City further denies any and all allegations contained in unnumbered paragraphs. All allegations not expressly admitted in this Answer are denied.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving their right to amend their Answer to assert additional defenses as they may become known, the City asserts the following defenses and/or affirmative defenses:

**1.** Plaintiff's Complaint should be dismissed in whole or in part to the extent he fails to state a claim or claims upon which relief can be granted.

**2.** Plaintiff's claims are barred because the City's actions were based on legitimate, non-discriminatory reasons, unrelated to the exercised of his rights pursuant to the First Amendment, his religion or his involvement in any legally protected activity or because of any other protected classification.

3.      Even if Plaintiff's termination had been motivated in part by his engagement in any protected activity, which the City denies, the termination would have occurred for legitimate, non-discriminatory, and non-retaliatory motives at or around the same time, regardless of any such protected activity.

4.      Plaintiff's claims are barred and/or the City's actions were legally permitted under the at-will employment doctrine.

5.      The City has engaged in no act, practice, policy, custom, or usage which has denied, abridged, withheld, limited, or otherwise interfered with Plaintiff's rights.

6.      Plaintiff's claims are barred to the extent any of the acts complained of occurred outside of the applicable statute(s) of limitations.

7.      To the extent any distinctions were made between Plaintiff and any other employee, all such distinctions were based upon legitimate, non-discriminatory, and non-retaliatory factors and were not based upon any unlawful reason.

8.      Plaintiff's claims may be barred in whole or in part by the doctrines of laches, waiver, estoppel, avoidable consequences, after-acquired evidence, and/or unclean hands.

9.      Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies and/or fulfill statutory prerequisites, including but not limited to the administrative remedies that are a condition precedent to asserting claims under Title VII or Chapter 21 of the Texas Labor Code.

10.     Plaintiff is not entitled to damages for emotional distress, mental anguish, other compensatory damages, or punitive damages, to the extent not provided for by the applicable statute.

11. Plaintiff's damages, if any, should be reduced to the extent he is found to have failed to mitigate his damages.

12. All interim earnings or amounts earned, or which could have been earned with reasonable diligence by Plaintiff, should reduce the pay award, if any, which might otherwise be allowable.

13. Plaintiff's claim for punitive damages is barred to the extent punitive/exemplary damages would violate the City's rights and privileges under the Constitution of the United States of America.

14. Plaintiff's claim for exemplary damages is barred by the City's governmental immunity.

15. Plaintiff may not seek or obtain damages that are not authorized by the statute under which his claims are presented.

16. Upon information and belief, to the extent Plaintiff suffered from symptoms of mental injury or emotional distress, these resulted from pre-existing psychological conditions, disorders or alternative concurrent causes, and were not the result of any act or omission by the City.

17. Any after-acquired-evidence of wrongdoing by Plaintiff that would have resulted in the termination of his employment operates as a bar to relief, in whole or in part, for any alleged wrongdoing by the City in this case.

18. Upon information and belief, Plaintiff's claims are frivolous as a matter of law, entitling the City to all attorney's fees and costs incurred in defending this matter. The City gives notice that it intends to rely upon other such defenses as may become available

or known during discovery proceedings in this case. Moreover, the City reserves the right to amend this Answer if further investigation and/or discovery reveal that supplementation or correction of any statement or answer contained within is necessary.

## PRAYER

The City prays it be released, discharged, and acquitted of the claims filed against it; Plaintiff takes nothing by reason of this suit; and for all other and further relief, to which it may be justly entitled.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By: */s/ Brian J. Begle*
BRIAN J. BEGLE
Southern District ID No. 15767
State Bar No. 00785311
bbegle@olsonllp.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone:   (713) 533-3800
Facsimile:    (713) 533-3888

**ATTORNEYS FOR DEFENDANT,
CITY OF TEXAS CITY**

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of August, 2022, all counsel of record have been served a true and correct copy of this document by electronic submission for filing and service through the Court's EF/CM system of the Southern District of Texas.

Terrence B. Robinson
TB ROBINSON LAW GROUP, PLLC
7500 San Felipe St., Suite 800
Houston, Texas 77063
TRobinson@TBRobinsonlaw.com

                                                */s/ Brian J. Begle*
                                                Brian J. Begle